UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JULIO ANTONIO DEL ROSARIO,

Petitioner,

v.

U.S. IMMIGRATION AND NATURALIZATION SVC.,

Respondent.

Civil No. 01-1404 (RHK/ESS)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner has filed an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the United States Immigration and Naturalization Service, ("INS"), is causing him to be confined at the Sherburne County Jail in Elk River, Minnesota, in violation of his rights under federal law and the Constitution.[1]

Respondent is directed to make a return in writing within 20 days from the date of this order, certifying the true cause of Petitioner's confinement and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

[1] Petitioner's original habeas corpus petition was returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, because the petition was not submitted on the proper form (as required by Local Rule 9.3). (See Order dated August 8, 2001; [Docket No. 3].) Petitioner was granted leave to file an Amended Petition on the proper form, and he has now done so. Therefore, it is Petitioner's Amended Petition, (Docket No. 4), that is now before the Court.

FILED AUG 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. A reasoned memorandum of law and fact explaining why Respondent believes the writ should not be granted, and setting forth Respondent's recommendation as to whether an evidentiary hearing should be conducted in this matter;

3. A certified copy of such of the following as may be relevant to the issues raised by the Amended Petition: the Indictment, the plea, the judgment, the trial record, or, if the petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty, as well as any other prison records, INS records, or other written materials that may be germane to the issues presented in the Amended Petition.

Petitioner has also filed a self-styled "Motion To Leave In Forma Pauperis On Habeas Title 28, Section 2241," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP") in this matter. Based on the financial information provided by the IFP application, it appears to the Court that Petitioner is eligible for IFP status. The IFP application will therefore be GRANTED.

Finally, Petitioner has filed a motion for appointment of counsel, (Docket No. 5.), which must also be addressed. Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the court would benefit

from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues in this case are so complex as to warrant appointment of counsel at this time. It appears to the Court that Petitioner has the threshold ability to articulate his claims and to argue his positions. Moreover, the Court finds that appointment of counsel would not substantially benefit the Court or Petitioner. Petitioner's request for counsel will therefore be DENIED at this time.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent shall file a written return to Petitioner's Amended Petition for a writ of habeas corpus, consistent with the terms of this order, within 20 days from the date of this order;

2. Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED; and

3. Petitioner's motion for appointment of counsel, (Docket No. 5), is DENIED.

Dated: August 22, 2001

E.S. SWEARINGEN,
United States Magistrate Judge