**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JULIO ANTONIO DEL ROSARIO, Civil No. 01-1404 (RHK/ESS)

Petitioner,

v. **REPORT AND RECOMMENDATION**

IMMIGRATION AND
NATURALIZATION SERVICE,

Respondent.

---

Petitioner Julio Antonio Del Rosario appeared pro se.

Assistant United States Attorney Lonnie F. Bryan, Esq., appeared for Respondent Immigration and Naturalization Service.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Julio Antonio Del Roasrio's amended pro se application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 4] and motion for summary judgment [Docket No. 7]. Respondent Immigration and Naturalization Service ("INS") has filed an answer contending that the petition should be denied on the ground that the petition is moot. [Docket No. 8]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied with prejudice.

## I. BACKGROUND

On January 26, 1999, Petitioner was convicted of federal drug crimes in the Northern District of Georgia and sentenced to serve 37 months of imprisonment, which he served at the Federal Correctional Institution at Sandstone, Minnesota. See Docket No. 9, Respondent's Exhibit (hereinafter Exhibit or "Ex.") Nos. 1, 2 and 7. On April 21, 2001, following the

FILED FEB 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

completion of this sentence, Petitioner was transferred to the custody of the INS pursuant to an INS detainer. See Ex. Nos. 8, 9 and 10. On August 14, 2001, Petitioner filed an amended application for a writ of habeas corpus. See Amended Pet., Docket No. 4. At the time of filing, Petitioner, a Dominican Republic national, was incarcerated at the Sherburne County Jail in Elk River, Minnesota. See Id. at 2. Petitioner requested an order of release from custody and immediate deportation to the Dominican Republic. Id. at 3. Petitioner also requested compensation from the INS for "unconstitutional custody." Id. at 4.

On September 6, 2001, a removal hearing was held at the Immigration Court in Bloomington, Minnesota. See Ex. No. 17. At the removal hearing, Petitioner appeared pro se, waived the 10 day notice period, admitted that he was a citizen of the Dominican Republic and Permanent Lawful Resident of this nation, and admitted that he had been convicted of a federal drug offense. See Ex. Nos. 3 and 17. Petitioner made no application for relief from removal. See Ex. No. 17. Based upon Petitioner's admissions, the court ordered that he be removed to the Dominican Republic. Id. This Court has subsequently been informed by counsel for the Respondent and the Office of the Assistant District Counsel of the INS in Bloomington, Minnesota, that Petitioner was deported to the Dominican Republic on October 24, 2001, from Oakdale, Louisiana.

**II. DISCUSSION**

Pursuant to 28 U.S.C. § 2241, the writ of habeas corpus shall not extend to a prisoner unless:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

...

28 U.S.C. § 2241(c). A court, therefore, does not have jurisdiction to consider a habeas corpus petition where the petitioner is not in custody. See Sabhari v. Reno, 197 F.3d 938, 941 n.6 (8th Cir. 1999). Furthermore, the consummation of a removal order renders a habeas petition moot. See Lindstrom v. Graber, 203 F.3d 470, 474 (7th Cir. 2000),

Petitioner has been granted the relief he requested, and he has been removed to the Dominican Republic. The Respondent no longer has custody of the Petitioner. Therefore, the Court does not have jurisdiction to consider Petitioner's application for habeas corpus relief. As a consequence, his petition is moot. Furthermore, the Court will not construe the instant amended petition as an action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq., because Petitioner has not satisfied the exhaustion requirements of that act. See Ex. No. 19; 28 U.S.C. § 2675(a).

**III. RECOMMENDATION**

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's amended application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 4] be **DISMISSED WITH PREJUDICE**; and

2. Petitioner's motion for summary judgment [Docket No. 7] be **DENIED**.

Dated: Feb. 13, 2002

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.